entry are complete and indexed. There is evidence of petitioner's residence in New York as early as 1915, of his maintaining a bank account as early as January, 1916, at Rochester, N. Y., in the name of Suter Spase, and that his residence has been in New York since he was 15 or 16 years of age, but no evidence as to his lawful entry, other than his own testimony. It is admitted that appellant made a temporary visit of one day into Canada from Buffalo, N. Y., where he then resided, on September 28, 1925. He claims he was not required to present an unexpired immigration visa to return to the United States, which would be true if he had previously lawfully entered into the United States. The burden is upon appellant to prove that he lawfully entered into the United States (8 USCA § 221, section 23, Immigration Act of 1924). This the Commissioner finds he has failed to do.

At the time the petitioner applied for registration under the act of 1929 he was subject to deportation because of his last entry (1925) without an immigration visa which was required if his original entry was unlawful; hence the refusal of registration was proper and the registration law is of no assistance to the petitioner in his attempt to avoid the warrant of deportation.

Order affirmed.

Hartwell Davis, Asst. U. S. Atty., of Montgomery, Ala., and Armistead L. Boothe and Randolph C. Shaw, Sp. Assts. to Atty. Gen., for the United States.

Albert J. Pickett, Jr., and Richard T. Rives, both of Montgomery, Ala., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

This is an appeal by the United States in a war risk insurance case. The only error assigned is the refusal of the trial court to give the peremptory instruction on the ground that the evidence was insufficient to support a verdict in favor of the plaintiff. The bill of exceptions discloses that a deposition was filed in evidence, but what was contained in it is not made to appear; nor is it shown by recital or otherwise that the bill of exceptions contains all the evidence. In this state of the record the assignment of error cannot be considered.

The judgment is affirmed.

## UNITED STATES v. PHILLIPS.

### No. 7183.

Circuit Court of Appeals, Fifth Circuit.

May 4, 1934.

## HOGUE et ux. v. STRICKER LAND & TIMBER CO.

### No. 7149.

Circuit Court of Appeals, Fifth Circuit.

April 19, 1934.

For former opinion, see 67 F.(2d) 167, which affirmed 2 F. Supp. 905.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

Under the principles of law which we have announced, since most of the accreted land described in the petition lies west of